Labauve, J.
This suit is brought against the defendants for the value of three bales of cotton, shipped on board steamer Ruby, and not delivered. The plaintiffs claim $739 88.
The answer contains a general denial, and an allegation that Charles Olivier, one of the defendants, was not owner or part owner of said steamer; it admits the shipment of the three bales of cotton, but states that upon the arrival of the steamboat Ruby at the port of New Orleans, *520 on the 16th November, 1865, notice of the consignment- of said cotton was duly given to plaintiffs, but they neglected for more than two days to send for it; "that the two successive nights, said cotton was guarded-by a watchman employed at respondents’ expense; that said cotton was stolen more than forty-eight hours after being landed on the levee, and after its landing was known to plaintiffs.
They claim in reconvention six dollars for freight of said three bales of' cotton.
The Court below rejected plaintiffs’ demand, and gave judgment for defendants in reconvention for six dollars. The plaintiffs appealed.
The shipment being admitted, it is incumbent on the defendants to show that they have complied with their obligation, by carrying the cotton to it's place of destination, and delivering the same to the consignees, or show good cause why they have not done so.
By the bill of lading, they undertook to' carry without delay to the port • of New Orleans, and to deliver unto the plaintiffs the said three bales of cotton.
The boat arrived at New -Orleans November 16th, at noon, and discharged her freight shortly afterwards; that from Thursday evening, day of her arrival, to Saturday following, the cotton remained on the levee ; that between the hours of one and three o ’clock of that day, it was stolen; no actual delivery of the cotton was made to plaintiffs.
On trial of the case below, the witness, Andre, having stated that he called at the office of S. H. Kennedy & Co. on Monday morning preceding the arrival of the Ruby, and asked a person in said office, who appeared to belong to the house of plaintiffs, if the plaintiffs had not received the bill of lading for the three bales of cotton, and was answered that they had, but the plaintiffs objected to the evidence, on the ground that it was hearsay, and that the evidence of the person who made,the answer, was the best, and. that it did not appear who the person asked was, or if he had anything to do with the bill of lading. The Court rejected the evidence after sustaing the objections. We are of opinion the Court did not err; the defendants should have shown with certainty, that this person was one of the firm.
In the ease of Slade et al v. Payne & Harrison, 14 A. 453, it was decided, 1st. That in order to relieve the owners of vessels from responsibility, there must be a delivery on the wharf to some person authorized to receive the goods, or some act done which is an equivalent to a delivery; 2d. That in order to constitute a delivery, there must be a notice given to the consignee, and a reasonable time given him to make the usual and necessary preparations to receive the goods; 3d. That the manner of delivering the goods, and consequently the period 'at which the responsibility of the master and owners will cease, depend upon the custom of particular places, and the usages 'of the particular trades. ■
This case turns upon a question of delivery, or something equivalent.
Newspapers were introduced in evidence, in which the list of freight, with the consignees’ names inserted, but nothing shows that knowledge of it was brought home to the plaintiffs. 3 L. 227. 6 A. 579. Mahoney pretended to be the dragan of plaintiffs; was requested to take the cot *521 ton away, and lie promised to do so, but nothing shows that he was the agent of plaintiffs, and authorized to receive freight.--' .. • • •
It appears that the plaintiffs received the bill of lading sent to them by the shippers, but we are not satisfied that, when they re'cpived it, they were aware that the boat had arrived. We will not pass, finally; upon the responsibility of the defendants, as the cáse must be remanded for further evidence. .
We find nothing in the record showing the value of the cotton, so as to enable us to give judgment for- plaintiffs. . . '
It is therefore ordered and decreed, that the judgment be reversed, and that the case be remanded to be tried according to law, and-both parties allowed to adduce further evidence, the appellee to pay the costs of this appeal. . • ■